[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 12, 2005
THOMAS K. KAHN
CLERK

No. 05-12464
Non-Argument Calendar

_____

D. C. Docket Nos. 03-00537-CV-FTM-33-SPC
and 02-16887-9P1

IN RE:

JAMES BRONCE HENDERSON, III,

Debtor.

_____

JAMES BRONCE HENDERSON, III,

Plaintiff-Counter-Defendant-Appellant,

versus

VAN BUREN INDUSTRIAL INVESTORS, L.L.C.,

Defendant-Counter-Claimant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 12, 2005)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

DCT Incorporated, an automotive sub-component supplier, entered into a ten year lease with the appellee, Van Buren Industrial Investors, L.L.C. ("Van Buren"), for a 345,000 square foot industrial building located in metropolitan Detroit, effective December 1, 1999. The debtor/appellant, James Bronce Henderson, III, was DCT's principal officer and guaranteed DCT's obligations under the lease. In February 2002, DCT's creditors placed the company in involuntary Chapter 7 bankruptcy, and DCT stopped paying rent for the building. In August 2002, Henderson filed for Chapter 11 bankruptcy. Subsequently, Van Buren filed a claim (Claim No. 71) in Henderson's bankruptcy proceedings for unpaid rent and other charges due under the lease as guarantor. The bankruptcy court allowed Van Buren's claim, but applied the one year cap under 11 U.S.C. § 502(b)(6). The district court then affirmed. Henderson appeals, and we also affirm.

We have jurisdiction under 28 U.S.C. § 158(d). "[W]e independently examine the factual and legal determinations of the bankruptcy court and employ the same standards of review as the district court." *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 698 (11th Cir. 2005). Specifically, we review the district court's

2

and bankruptcy court's factual findings for clear error, *In re Cox*, 338 F.3d 1238, 1241 (11th Cir. 2003), and the legal conclusions de novo. *In re Int'l Admin. Servs., Inc.*, 408 F.3d at 698.

After an evidentiary hearing, the bankruptcy court concluded that Henderson's objections lacked merit and correctly found that: Henderson is bound by the plain terms of the lease and is liable to Van Buren as guarantor; the amount of rent specified in the lease provided evidence of the fair market value for the building space; Van Buren satisfied its duty to mitigate its damages caused by the breach; and judicial estoppel does not apply. Upon review, the district court agreed with these findings. We too have reviewed the record and find no clear error. Accordingly, we affirm the judgment of the district court, which affirms the judgment of the bankruptcy court.

**AFFIRMED.**